JACOB D. NORDLINGER, Appellant, *v.* THE MANHATTAN RAILWAY COMPANY and Another, Respondents.

*Evidence as to whether an obstruction cuts off any light — competency of a witness.*

Whether an awning or an elevated railway platform overhanging a window will cut off any light is a fact easily within the grasp of the average intellect, and it is competent for an ordinary witness to testify in regard to the same.

APPEAL by the plaintiff, Jacob D. Nordlinger, from a judgment of the Supreme Court in favor of the defendants, entered in the

office of the clerk of the county of New York on the 27th day of January, 1893, upon the report of a referee, dismissing the plaintiff's complaint upon the merits.

*E. W. Tyler* and *E. A. Hibbard*, for the appellant.

*Julien T. Davies* and *Sherrill Babcock*, for the respondents.

PARKER, J. :

The purpose of this suit was to procure an injunction enjoining the defendants from the maintenance of their elevated railway in front of plaintiff's premises, and also to obtain, as incidental to the decree of injunction, an assessment of the past injuries to the rental value.

A station of the defendants is situated at the corner of Forty-second street and Second avenue, and the platform of the station extends the full length of the building.

The issues presented by the pleadings were referred to a referee to hear and determine. After the hearing he determined that the plaintiff had not been injured by defendants' station and dismissed the complaint.

Among the findings of fact upon which he based his conclusion of law was the following : " No substantial interference with the air or light of said premises has been shown to result directly from the maintenance of the railway structure of the defendants in said avenue."

But that is what the plaintiff apparently attempted, although ineffectually, to prove. A tenant in the building in question, being under examination, the plaintiff asked him : " Q. Now, then, will you state whether or not this platform in front of your store cuts off any light from the front part of the store ? The question is whether any more light would come to it if that structure, the station, was not there, or if the light is cut off by it ? [Objected to by defendants' counsel on the ground that it calls for an opinion of the witness upon a state of facts that does not exist.] The referee sustained the objection and counsel for the plaintiff duly excepted."

The objection was not well taken. The question called for a fact. Whether an awning or an elevated railway platform overhanging a window " will cut off any light " is a fact easily within the grasp of the average intellect.

As the error is one calling for reversal, we need not discuss the other exceptions to which our attention has been called.

The judgment should be reversed, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.